ROBERT P. VARIAN (SBN 107459)
Email:  rvarian@orrick.com
RUSSELL P. COHEN (SBN 213105)
Email:  rcohen@orrick.com
LACEY BANGLE (SBN 284773)
Email:  lbangle@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773 5700
Facsimile:  (415) 773 5759

Attorneys for Defendant
ANDREW CHUNG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW CHUNG, an individual, and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 4:19-cv-07670<br><br>**DEFENDANT ANDREW CHUNG'S NOTICE OF REMOVAL** |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Andrew Chung ("Mr. Chung" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a) and 1446 to effect the removal of the above-captioned action, which was commenced in the Superior Court of the State of California in and for the County of Santa Clara, and states that the removal is proper for the reasons stated below.

## BACKGROUND

1. On November 18, 2019, Plaintiff Global Industrial Investment Limited ("Plaintiff" or "GIIL") filed a Complaint in the Superior Court of California for the County of Santa Clara, entitled "*Global Industrial Investment Limited v. Andrew Chung*," Case No. 19-cv-358712 (the "Action"). The allegations of the Complaint in the Action are incorporated by reference in this Notice of Removal without necessarily admitting any of them. In compliance with 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a copy of the Complaint as filed, which constitutes the entirety of the record in the Action.

2. The Complaint asserts three causes of action: (1) breach of fiduciary duty, (2) aiding and abetting breach of fiduciary duty, and (3) tort of another.

3. The Complaint only named Mr. Chung as defendant to this Action. Mr. Chung is a resident of Los Altos, California.

4. As of November 21, 2019, the date this Notice of Removal was filed, Mr. Chung has not been served with the Complaint in the Action.

5. As further explained below, the Court has jurisdiction of this matter under 28 U.S.C. § 1332(a) because there is diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

## DIVERSITY OF CITIZENSHIP

6. <u>Plaintiff's Citizenship.</u> Plaintiff is a limited liability company organized and existing under the laws of Hong Kong, which a principal place of business at Heng Shan Centre, 5/F, 145 Queen's Road East, Wanchai, Hong Kong. Complaint ¶ 2. For diversity purposes, a

business is a "citizen" of the place in which it is domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is *prima facie* evidence of domicile.  *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

7. <u>Defendant's Citizenship.</u>  Mr. Chung is a citizen of the State of California.  As noted in ¶ 3, above.

8. <u>Doe Defendants' Citizenship.</u>  The citizenship of fictitious defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *See* 28 U.S.C. § 1441(a); *see also Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), cert. denied, 493 U.S. 1076 (1990).

9. <u>The Forum Defendant Rule Does Not Apply.</u>  To the extent Plaintiff cites 28 U.S.C. § 1441(b)(2) to argue that the Action may not be removed because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because Mr. Chung has not been served with the Complaint.  Courts in this district have repeatedly held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim."  *Sherman v. Haynes & Boone*, No. 14-CV-01064-PSG, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (citing cases); *see also  Regal Stone Ltd. v. Longs Drug Stores Cal.*, LLC, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding that courts in this district "hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served").  As Judge Koh recently recognized:

> By its plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has not been both joined and served to remove a case to federal court on the basis of diversity jurisdiction. Here, it is undisputed that Defendant[] removed Plaintiff's Complaint before any Defendants were served. Thus, Defendant[s] notice of removal was not procedurally improper, and remand is not warranted.

*Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at * 4 (N.D. Cal. Jan. 9, 2019).  The same analysis applies here.

**AMOUNT IN CONTROVERSY**

10. In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint, not what amount the defendant will actually owe (if anything). "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

11. The alleged amount in controversy in this action exceeds, in the aggregate, $75,000, exclusive of interest and costs. Defendant denies Plaintiff's claims in their entirety but provides the following analysis of potential damages (without admitting liability) based on the allegations in Plaintiff's Complaint in order to demonstrate that Plaintiff's Complaint puts a sufficient amount "in controversy" to warrant removal under 28 U.S.C. § 1332(a). Though the Complaint does not seek a specific dollar amount of damages, it requests "general, specific, actual, compensatory and/or nominal damages" in an amount to be determined at trial, "punitive damages . . . to punish, penalize and/or deter" defendant, costs and expenses, attorneys' fees, and pre- and post-judgement interest. *See* Complaint at ¶ 34, "Prayer for Relief."

12. When the amount in controversy is not readily apparent from a complaint, "the court may consider facts in the removal petition" to determine the potential damages at issue. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (*quoting Singer v. State Farm Mut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The burden is not "daunting," and "a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz v. Pilot Travel Ctrs. LLC*, No. CIV. S-07-0325 FCD EFB, 2007 U.S. Dist. LEXIS 31515, at *7 (E.D. Cal. April 30, 2007) (citation omitted); *Ray v. Wells Fargo Bank, N.A.*, No. CV 11–1477 AHM (JCx), 2011 WL 1790123, at *5 (C.D. Cal. May 9, 2011); *Deehan v. Amerigas Ptnrs., L.P.*, 2008 U.S. Dist. LEXIS 67180, at *4 (S.D. Cal. Sept. 2, 2008) ("Defendant is not required to prove Plaintiff's case for him").[1] The preponderance burden is satisfied where the defendant's calculations are conservative, made in good faith, and based on evidence wherever possible.

---

[1] Accordingly, nothing in this Notice should be deemed an admission of liability by Defendant. Defendant affirmatively denies it is liable and denies that Plaintiff has been damaged at all.

1    *Behrazfar v. Unisys Corp.*, 687 F.Supp.2d 999, 1004 (C.D. Cal. 2009).  Thus, Defendant in this
2    case is only required to establish that it is more likely than not that the amount in controversy
3    exceeds $75,000.  The Court should also include requests for attorneys' fees in determining the
4    amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir.
5    1998).

6    13.    The potential damages, penalties and restitution Plaintiff seeks in this Action
7    plainly exceed $75,000, exclusive of interest and costs.  The Complaint seeks damages in excess
8    of $80 million.  *See* Exhibit A 2, 5-7.  The Complaint alleges that the Plaintiff "brings this action
9    to put an end to Chung's and the fiduciaries' scheme to rob GIIL of its $80 million investment
10   and to hold Chung accountable for his wrongdoing." *Id.* ¶ 1; see also id. ¶ 21 (alleging that
11   Plaintiff's damages "include the amount of money GIIL invested in the Funds and interest
12   thereon").  In addition to compensatory damages, Plaintiff seeks punitive damages and attorneys'
13   fees and costs incurred by Plaintiff in bringing and/or defending actions against third parties. *Id.*
14   ¶¶ 21 34.

### NO BASES FOR REJECTING OR DECLINING JURISDICTION

16   14.    As noted above, there are no bases for this Court to reject or decline jurisdiction as
17   set out 28 U.S.C. § 1441(b)(2).

### VENUE

19   15.    Venue lies in the Northern District of California pursuant to 28 U.S.C. §§ 1441(a)
20   and 1446(a).  This action was originally brought in the Superior Court of the State of California,
21   County of Santa Clara, which is embraced by the Northern District of California.

### NOTICE OF REMOVAL

23   16.    This Notice of Removal shall be served promptly on Plaintiff and filed with the
24   Clerk of the Superior Court of the State of California in and for the County of Santa Clara.
25   17.    WHEREFORE, Defendant prays that this civil action be removed from the
26   Superior Court of the State of California, County of Santa Clara, to the United States District
27   Court for the Northern District of California.
28

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: November 21, 2019 | ROBERT P. VARIAN<br>Orrick, Herrington & Sutcliffe LLP |
| 3 | | |
| 4 | | By: */s/ Robert P. Varian* |
| 5 | | ROBERT P. VARIAN |
| 6 | | Attorney for Defendant<br>ANDREW CHUNG |