1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GLOBAL INDUSTRIAL INVESTMENT
LIMITED,

                Plaintiff,

      v.

ANDREW CHUNG,

                Defendant.

Case No. 19-CV-07670-LHK

**ORDER DENYING MOTION TO
REMAND AND REQUEST FOR
ATTORNEY'S FEES AND COSTS**

Re: Dkt. No. 15

      Plaintiff Global Industrial Investment Limited ("Plaintiff") brings suit against Defendant
Andrew Chung ("Defendant") for breach of fiduciary duty, aiding and abetting breach of fiduciary
duty, and "tort of another."  ECF No. 1-1 ("Compl.").  Before the Court is Plaintiff's motion to
remand and request for attorney's fees and costs.[1]  Having considered the parties' submissions, the
relevant law, and the record in this case, the Court DENIES Plaintiff's motion to remand and
request for attorney's fees and costs.

## I.      BACKGROUND

---

[1] Plaintiff's motion to remand includes a notice of motion that is separate from the memorandum
of points and authorities.  Civil Local Rule 7-2(b) provides that the notice of motion and points
and authorities should be contained in one document.  *See* Civ. Loc. R. 7-2(b).

1    For present purposes, the procedural history of the instant case is far more important than

2    the substance of Plaintiff's Complaint.  As such, the Court largely confines the description of the

3    instant case to its procedural history.

4    On November 18, 2019, Plaintiff, a limited liability company organized and existing under

5    the laws of Hong Kong, sued Defendant, a resident and citizen of California, in the Superior Court

6    of California for the County of Santa Clara.  ECF No. 1 ¶ 1 ("Notice of Removal"); Compl. ¶¶ 2-

7    3.  Plaintiff's Complaint alleges three causes of action: (1) breach of fiduciary duty, (2) aiding and

8    abetting breach of fiduciary duty, and (3) "tort of another."  Compl. ¶¶ 22-34.

9    On November 21, 2019—after Plaintiff filed suit in California state court but before

10   Plaintiff served Defendant—Defendant removed the instant case to this court.  Notice of Removal

11   ¶ 4.  Defendant contends that this Court can properly exercise jurisdiction over the instant case

12   based on diversity jurisdiction.

13   On December 20, 2019, Plaintiff filed a motion to remand.  ECF No. 15 ("Mot.").  On

14   January 17, 2020, Defendant filed an opposition to Plaintiff's motion to remand.  ECF No. 18

15   ("Opp.").  On February 7, 2020, Plaintiff filed a reply.  ECF No. 24 ("Reply").

16   **II.    LEGAL STANDARD**

17   A suit may be removed from state court to federal court only if the federal court would

18   have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

19   *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

20   in federal court may be removed to federal court by the defendant.").  If it appears at any time

21   before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

22   remand the action to state court.  28 U.S.C. § 1447(c).  In addition, a party may move to remand a

23   case to state court "on the basis of any defect other than lack of subject matter jurisdiction,"

24   provided that the party so moves within 30 days of the notice of removal.  *Id.*

25   The party seeking removal bears the burden of establishing federal jurisdiction.  *Provincial*

26   *Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  "The removal

27   statute is strictly construed, and any doubt about the right of removal requires resolution in favor

28

United States District Court
Northern District of California

of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

### III.    DISCUSSION

In his motion to remand, Plaintiff concedes that the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332 because Plaintiff is a limited liability company organized and existing under the laws of Hong Kong, Defendant is a resident and citizen of California, and the amount in controversy exceeds $75,000.  Plaintiff, however, argues that remand is nonetheless warranted because Defendants' notice of removal was procedurally improper.  First, Plaintiff contends that the Defendant, a California citizen, cannot remove Plaintiff's Complaint on the basis of diversity jurisdiction because 28 U.S.C. § 1441(b)(2) only permits pre-service removal in cases involving multiple defendants. Mot. at 3 ("[S]nap removal is impermissible, and remand is required, where, as here, there is only a single named defendant and that defendant is a forum citizen.").  Second, Plaintiff argues that Plaintiff's Complaint must be remanded back to state court because Plaintiff did not have a "meaningful opportunity to serve" Defendant before Defendant removed the instant case to federal court.  *Id.* at 4-5.  The Court addresses each argument in turn.

#### A.    Under 28 U.S.C. § 1441(b)(2), Defendant Properly Removed The Instant Case to Federal Court

In his motion to remand, Plaintiff argues that even though the Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332, remand is warranted because Defendant's notice of removal was procedurally improper.  Specifically, Plaintiff contends that the Defendant, a California citizen, cannot remove Plaintiff's Complaint on the basis of diversity jurisdiction because 28 U.S.C. § 1441(b)(2) only permits pre-service removal in cases involving multiple defendants.  Mot. at 2.

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

Case No. 19-CV-07670-LHK
ORDER DENYING MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

1    in federal court may be removed to federal court by the defendant.").  Under 28 U.S.C.

2    § 1441(b)(2), "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction]

3    may not be removed if any of the parties in interest properly joined and served as defendants is a

4    citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).  The Ninth Circuit

5    has held that this rule "confines removal on the basis of diversity jurisdiction to instances where

6    no defendant is a citizen of the forum state." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933,

7    939-40 (9th Cir. 2006) (holding that the local defendant rule is procedural rather than

8    jurisdictional and is thus subject to the 30-day limit in 28 U.S.C. § 1447(c) for motions to remand

9    based on procedural defects).

10          Plaintiff nonetheless concedes, as he must, that this Court and other courts in this district

11   have held that "a defendant may remove an action prior to receiving proper service, even when the

12   defendant resides in the state in which the plaintiff filed the state claim." *Monfort v. Adomani,*

13   *Inc.*, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) (quotation marks omitted and collecting

14   cases); *see also Loewen v. McDonnell*, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) ("[T]he

15   Northern District of California has consistently held a defendant may remove an action prior to

16   receiving proper service, even when the defendant resides in the state in which the plaintiff filed

17   the state claim." (quotation marks omitted and collecting cases)).  This Court noted that such a

18   conclusion was compelled by Section 1441(b)(2)'s "plain language," which "states that an in-state

19   defendant may not remove a case on the basis of diversity jurisdiction—if that defendant was

20   'properly joined and *served*.'" *Monfort*, 2019 WL 131842, at *3 (quoting 28 U.S.C.

21   § 1441(b)(2)).

22          This Court's conclusion also accords with the three circuit courts to consider this issue.  In

23   *Encompass Insurance Company v. Stone Mansion Restaurant Inc.*, the Third Circuit held that

24   under the "plain meaning" of Section 1441(b)(2), an unserved in-state defendant may remove a

25   case on the basis of diversity jurisdiction.  902 F.3d 147, 152-54 (3d Cir. 2018).  In *Monfort*, this

26   Court previously noted that it was "persuaded by the reasoning of the Third Circuit" in reaching

27   its decision that Section "1441(b)(2) does not bar an in-state defendant from removing an action

28

United States District Court
Northern District of California

4

1   before the defendant is served." *Monfort*, 2019 WL 131842, at *3.

2          Additionally, since this Court issued its opinion in *Monfort*, the Second Circuit reached the

3   same conclusion—namely, that "[b]y its text, . . . Section 1441(b)(2) is inapplicable until a home-

4   state defendant has been served in accordance with state law; until then, a state court lawsuit is

5   removable under Section 1441(a) so long as a federal district court can assume jurisdiction over

6   the action." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019).

7          Most recently, just this month, the Fifth Circuit explicitly adopted the Second Circuit's

8   holding. *Texas Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, --- F.3d ---, 2020 WL 1682777, at

9   *3 (5th Cir. Apr. 7, 2020) ("We agree with a comment made by the Second Circuit: 'By its text,

10  then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in

11  accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so

12  long as a federal district court can assume jurisdiction over the action.'" (quoting *Gibbons*, 919

13  F.3d at 705)).

14         Nonetheless, Plaintiff contends that even though an in-state defendant can remove a case to

15  federal court before being served, that rule does not apply when "there is only a single named

16  defendant and that defendant is a forum citizen." Mot. at 3.  Plaintiff primarily relies on *Tourigny*

17  *v. Symantec Corp.*, 110 F. Supp. 3d 961 (N.D. Cal. 2015).  *Id.* at 4.  Plaintiff also argues that this

18  Court adopted *Tourigny*'s holding in *Monfort*.  The Court is not persuaded.

19         First, in *Tourigny*, the district court relied on an opinion from the United States District

20  Court for the Eastern District of Pennsylvania for the proposition that the plain meaning of Section

21  1441(b)(2) only permits removal in situations involving multiple defendants.  110 F. Supp. 3d at

22  964 (quoting *Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067 (E.D. Pa. May 30, 2008)).

23  According to *Allen*, "[b]ecause the operative phrase is 'joined and served' and not 'named and

24  served' or simply 'served,' the statute contemplates a situation in which one defendant is joined to

25  another defendant, presumably an in-state defendant joined to an out-of-state defendant.  The

26  'joined and served' language therefore can only apply when there are multiple, named

27  defendants."  2008 WL 2247067, at *5.

28

United States District Court
Northern District of California

5

1   The problem with Plaintiff's argument is that *Allen* was overruled by the Third Circuit in

2   *Encompass*, 902 F.3d 147.  In *Encompass*, the Third Circuit held that Section 1441(b)(2)'s text

3   was "unambiguous" and that "its plain meaning precludes removal on the basis of in-state

4   citizenship only when the defendant has been properly joined and served."  *Id*. at 152.  Although

5   the Third Circuit noted that district courts in the Third Circuit had split over the issue, the Third

6   Circuit nonetheless applied the plain meaning of Section 1441(b)(2) and held that a single, in-state

7   defendant who had yet to be served could remove a case to federal court.  *Id*. at 152 n.2 (collecting

8   cases); *id*. at 152-54.  This Court previously noted that it was "persuaded by the reasoning of the

9   Third Circuit," and therefore, the Court hews to its prior conclusion that Section 1441(b)(2) "does

10  not bar an in-state defendant from removing an action before the defendant is served."  *Monfort*,

11  2019 WL 131842, at *3.  Indeed, that holding applies regardless of whether there is a single

12  defendant or multiple defendants.  *See Encompass*, 902 F.3d at 152-54.

13  Second, Plaintiff contends that this Court adopted *Tourigny*'s reasoning in *Monfort*.  To be

14  sure, in *Monfort*, this Court discussed *Tourigny*.  2019 WL 131842, at *3.  Plaintiff, however,

15  overreads the Court's decision.  In *Monfort*, the Court noted that *Tourigny*, "[b]y its own

16  admission," is distinguishable because it involved a single, in-state defendant.  *Id*.  The Court,

17  however, never adopted *Tourigny*'s reasoning, and in fact, the Court noted that *Encompass*, which

18  reached the exact opposite conclusion, was persuasive.  *Id*.

19  This point is reinforced by the fact that much of *Tourigny*'s reasoning was predicated not

20  simply on Section 1441(b)(2)'s plain meaning, but on the statute's purpose, which the *Tourigny*

21  court understood would be impaired by permitting removal.  *Id*. at 4.  However, this Court and

22  other courts have reached the opposite conclusion.

23  The "purpose behind [Section] 1441(b)(2)'s 'joined and served' language . . . . reflects

24  Congress's intent to prevent a plaintiff from fraudulently joining a resident party in order to avoid

25  removal to federal court."  *Monfort*, 2019 WL 131842, at *4.  "Interpreting 'joined and served' to

26  permit pre-service removal by an in-state defendant does not impair the provision's anti-fraudulent

27  joinder purpose, which focuses on what a plaintiff may or may not do to defeat diversity

28

Case No. 19-CV-07670-LHK
ORDER DENYING MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

1   jurisdiction." *Id.* Put differently, "[f]ailing to further a purpose is not equivalent to the purpose's

2   impairment." *Id.* As the Third Circuit noted, "Congress'[s] inclusion of the phrase 'properly

3   joined and served' addresses a specific problem—fraudulent joinder by a plaintiff—with a bright-

4   line rule. Permitting removal on the facts of this case [*i.e.*, with a single, in-state defendant] does

5   not contravene the apparent purpose to prohibit that particular tactic." *Encompass*, 902 F.3d at

6   153.

7         Accordingly, because Defendant removed the instant case to federal court before

8   Defendant was properly joined and served, Section 1441(b)(2) does not prohibit removal.

9         **B.  Plaintiff's "Meaningful Opportunity to Serve" Requirement**

10        Plaintiff's remaining argument focuses on whether Plaintiff had a "meaningful opportunity

11  to serve" Defendant. Mot. at 4-5. According to Plaintiff, "snap removal is impermissible where it

12  occurs before the plaintiff has a 'meaningful opportunity' to serve the removing defendant." *Id*. at

13  4. Plaintiff cites to several California district court cases to support this position. However, these

14  cases all depart from the plain meaning of Section 1441(b)(2) and rely on the general purpose of

15  the statute. *See, e.g.*, *Standing v. Watson Pharm., Inc.*, 2009 WL 842211, at *4 (C.D. Cal. Mar.

16  26, 2009) ("depart[ing] from the plain meaning of the statute" because it "produces unreasonable

17  results at variance with the policy of the legislation as a whole"); *Morris v. Alza Corp.*, 2010 WL

18  2652473, at *2 (E.D. Cal. July 1, 2010) (adding a requirement that a plaintiff have "a sufficient

19  opportunity to serve the forum defendant" because removal would otherwise be "at odds with the

20  underlying purpose of the statute" (quotation marks and internal alterations omitted)); *Hoskinson*

21  *v. Alza Corp.*, 2010 WL 2652467, at *2 (E.D. Cal. July 1, 2010) (same); *Vallejo v. Amgen, Inc.*,

22  2013 WL 12147584, at *3 (C.D. Cal. Aug. 30, 2013) (eschewing a "literal interpretation of

23  § 1441(b)(2)" because it "would permit a result in this case that is absurd").

24        In other words, Plaintiff's argument is nothing more than an attempt to impose an

25  additional requirement that has no basis in the statutory text. As the Second Circuit noted,

26  Congress never adopted this particular requirement for a meaningful opportunity for service, and

27  in fact, "Congress may well have adopted the 'properly joined and served' requirement in an

28

United States District Court
Northern District of California

7

attempt to both limit gamesmanship and provide a bright-line rule keyed on service, which is clearly more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Gibbons*, 919 F.3d at 706; *see also Cheung v. Bristol-Myers Squibb Co.*, 282 F. Supp. 3d 638, 643 (S.D.N.Y. 2017) ("Whatever the merit to the argument that it runs counter to the policies undergirding diversity jurisdiction to allow a defendant to petition for removal immediately after a case opening and before it is possible to serve the defendant, that argument is insufficient to overcome the abundantly clear language of the statute."); *Hutchins v. Bayer Corp.*, 2009 WL 192468, at *12 (D. Del. Jan. 23, 2009) ("Finally, it may well be that § 1441(b) should be amended to provide for a 'reasonable opportunity' for a plaintiff to serve the forum defendant, with reasonableness determined by circumstances including local rules regarding service.  Any alteration of the statutory language, however, would require Congressional action.").

    As a result, the Court rejects Plaintiff's attempt to rewrite Section 1441(b)(2) to add a requirement that a plaintiff have a "meaningful opportunity to serve" a defendant before allowing for pre-service removal.  Rather, the plain text of Section 1441(b)(2) governs, and that text permits "a defendant [to] remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Monfort*, 2019 WL 131842, at *3 (quotation marks omitted).  That is precisely what occurred here, and accordingly, the Court DENIES Plaintiff's motion to remand.

### C.  Request for Attorney's Fees and Costs

    Finally, Plaintiff requests an award for attorney's fees and costs based on Defendant's allegedly unreasonable removal of the instant case.  Mot. at 6-7.  However, because the Court concludes that Defendant properly removed the instant case to federal court, the Court DENIES Plaintiff's request for attorney's fees and costs.

## IV.    CONCLUSION

    For the foregoing reasons, the Court DENIES Plaintiff's motion to remand and request for attorney's fees and costs.

Case No. 19-CV-07670-LHK
ORDER DENYING MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California

1    **IT IS SO ORDERED.**

2    Dated: April 28, 2020

3    _Lucy H. Koh_

4    LUCY H. KOH
     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 19-CV-07670-LHK
ORDER DENYING MOTION TO REMAND AND REQUEST FOR ATTORNEY'S FEES AND COSTS

United States District Court
Northern District of California