UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW CHUNG,<br><br>Defendant. | Case No. 19-CV-07670-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 46 |

Before the Court is Defendant Andrew Chung's administrative motion to file under seal filed in connection with his reply in support of his motion to dismiss. ECF No. 46. For the following reasons, the Court GRANTS Chung's administrative motion to file under seal.

## I.   LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, a "strong presumption in favor of access is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In the Ninth Circuit, documents that are more than "tangentially

1   related . . . to the underlying cause of action" are not sealable unless the Court agrees that
2   "compelling reasons" exist to overcome the presumption of access. *See id.* at 1179. Exhibit 8,
3   which supports Chung's motion to dismiss, is more than tangentially related to the underlying
4   causes of action. The compelling reasons standard therefore applies. *See, e.g.*, *Doe v. Walmart Inc.*,
5   No. 18-CV-02125-LHK, 2019 WL 636362, at *2 (N.D. Cal. Feb. 11, 2019) (collecting cases
6   applying the "compelling reasons" standard to exhibits to a motion to dismiss).

7       Compelling reasons justifying the sealing of court records generally exist "when such
8   'court files might have become a vehicle for improper purposes,' such as the use of records to
9   gratify private spite, promote public scandal, circulate libelous statements, or release trade
10  secrets." *Id.* (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of
11  records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will
12  not, without more, compel the court to seal its records." *Id.*

13      In addition, parties moving to seal documents must comply with the procedures established
14  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
15  that establishes the document is "sealable," or "privileged, protectable as a trade secret or
16  otherwise entitled to protection under the law." Civ. L.R. 79-5(b). "The request must be narrowly
17  tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.*
18  Civil Local Rule 79-5(d), in turn, requires the submitting party to attach a "declaration
19  establishing that the document sought to be filed under seal, or portions thereof, are sealable," a
20  "proposed order that is narrowly tailored to seal only the sealable material," and a proposed order
21  that "lists in table format each document or portion thereof that is sought to be sealed," as well as
22  an "unredacted version of the document" that "indicate[s], by highlighting or other clear method,
23  the portions of the document that have been omitted from the redacted version." *Id.*

24  **II.  DISCUSSION**

25      The Court now turns to the merits of the instant sealing motion. Chung moves to seal parts
26  of Exhibit 8, which he cites in his reply in support of his motion to dismiss. ECF No. 46. In
27  support of his sealing motion, Chung submits a narrowly tailored declaration identifying sealable

28

1  material in compliance with Civil Local Rule 79-5. Chung identifies about eleven lines from
2  Exhibit 8 to his Reply that contain the names and compensation arrangements of employees (and
3  potential hires) at his venture capital firm, 1955 Capital. ECF No. 46-1 at ¶ 8.
4  　　　　　The Court holds that the portions of Exhibit 8 identified by Chung are sealable. Public
5  disclosure of the sensitive business information that Chung identified could "harm a litigant's
6  competitive standing." *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*,
7  435 U.S. at 598). Indeed, another court in this district sealed the same information in another case
8  involving the same arbitration award that underlies Chung's motion to dismiss. *See* Order
9  Granting Administrative Motion to File Under Seal, *China Fortune Land Development v. 1955*
10 *Capital Fund I GP*, No. 19-CV-07043-VC (N.D. Cal. Feb. 8, 2020), ECF No. 70 (sealing limited
11 portions of Final Award that identify the names or terms of employment of employees and
12 potential employees). United States District Judge Vince Chhabria found, based on Chung's
13 declaration, that (1) there are "compelling reasons" to seal the business information that
14 "overcomes the right of public interest to that information"; (2) the compelling reasons support
15 sealing; (3) a "substantial probability exists" that public disclosure of the information would cause
16 prejudice; (4) the proposed sealing is narrowly tailored; and (5) "there is no less restrictive means
17 to achieve protection" of the interests protected by sealing. *Id.*
18 　　　　　Accordingly, the Court GRANTS Defendant Andrew Chung's motion to file portions of
19 Exhibit 8 under seal.
20 **IT IS SO ORDERED.**
21
22 Dated: September 7, 2020
23 　　　　　　　　　　　　　　　　　　　　　*Lucy H. Koh*
　　　　　　　　　　　　　　　　　　　　　　LUCY H. KOH
24 　　　　　　　　　　　　　　　　　　　　　United States District Judge