UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GLOBAL INDUSTRIAL INVESTMENT LIMITED,<br><br>        Plaintiff,<br><br>      v.<br><br>ANDREW CHUNG,<br><br>        Defendant. | Case No. 19-CV-07670-LHK<br><br>**ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. Nos. 32, 33, 46, 47 |

Plaintiff Global Industrial Investment Limited sues Defendant Andrew Chung ("Chung") and Does 1–10 for breaches of fiduciary duties. Before the Court is Chung's motion to dismiss Plaintiff's First Amended Complaint ("FAC"). Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Chung's motion to dismiss with prejudice.

**I.    BACKGROUND**

   **A. Factual Background**

Plaintiff Global Industrial Investment Limited is a limited partner in two Delaware venture capital funds: 1955 Capital China Fund and 1955 Capital Fund I (the "Funds"). FAC ¶¶ 5–6, 15. The general partners ("GPs") of the Funds are China Fund GP and Fund I GP. FAC ¶¶ 5–6. The

1

GPs' sole managing member is Defendant Andrew Chung. FAC ¶ 11.

As alleged in the FAC, Chung owed fiduciary duties to Plaintiff as the managing member of the GPs. Nonetheless, Chung allegedly breached his fiduciary duties by making unauthorized changes to the relevant investment agreements, FAC ¶¶ 19–23; paying his wife an outsized salary out of the Funds' money, FAC ¶ 24a; devoting himself to other opportunities instead of the Funds, FAC ¶ 24c; and failing to appropriately staff the funds or identify new investments, FAC ¶ 24b. Chung also allegedly aided and abetted the GPs (which he controlled) in their breaches of fiduciary duties by making unauthorized changes to the investment agreements. FAC ¶¶ 18–23.

### B. Procedural History

The parties' disputes were first heard in arbitration. In July 2017, Chung and the GPs initiated arbitration against Plaintiff and Plaintiff's corporate parent, China Fortune Land Development ("CFLD"). Chung and the GPs claimed that Plaintiff and CFLD had, among other things, falsely accused Chung of fraud. Final Award ¶¶ 60–63, Ex. 1.[1] Plaintiff and CFLD responded with 19 counterclaims, including claims for breaches of fiduciary duties arising from changes to the investment agreements and mismanagement of the Funds. *Id.* ¶¶ 67–80, 84, 330–31. Plaintiff and CFLD also moved to dismiss Chung from the arbitration on the ground that Chung was not a signatory to the investment agreements. *Id.* ¶ 84; Partial Final Award ¶ 8, Ex. 4.

On August 1, 2018, the arbitrator issued a 70-page Partial Final Award that, among other things, granted Plaintiff's request to dismiss Chung from the arbitration. Partial Final Award ¶ 8. The arbitrator reasoned that because Chung had no "personal burdens or liabilities under the [i]nvestment [a]greements, it would not be equitable to allow him to" invoke arbitration under the agreements. *Id.* ¶ 183. Even so, the arbitrator found that Chung's claims were "closely connected to and factually intertwined with the other matters to be determined in this arbitration." *Id.* ¶ 182.

On June 26, 2019, the arbitrator issued a 139-page Final Award. The arbitrator rejected all but one of Plaintiff's and CFLD's claims. Final Award ¶¶ 487, 492(e). The arbitrator upheld the

---

[1] Exhibit numbers refer to the exhibits in Chung's requests for judicial notice, ECF Nos. 44 & 47. A list of exhibits is in Section III-A below.

claim that the GPs made unauthorized changes to the investment agreements. *Id.* ¶ 349. Regardless, those changes lacked "practical consequences," so the arbitrator ordered the GPs to pay only $100 in nominal damages. *Id.* ¶¶ 349, 393. The arbitrator thus concluded the GPs were the prevailing parties and ordered Plaintiff and CFLD to pay the GPs $9.3 million in fees and costs. *Id.* ¶¶ 487, 492(e)).

On November 18, 2019, Plaintiff sued Chung in California Superior Court for the County of Santa Clara. Chung then removed the lawsuit to this Court. ECF No. 1. Plaintiff filed a motion to remand, which the Court denied on May 5, 2020. *See* ECF No. 36.

Plaintiff also amended its complaint shortly after filing its motion to remand. ECF No. 29 ("FAC"). On April 22, 2020, Chung filed his motion to dismiss the FAC, ECF No. 32 ("Mot."), and requested judicial notice of arbitration documents in support of his motion to dismiss, ECF No. 33 ("First RJN"). On May 22, 2020, Plaintiff opposed the motion to dismiss, ECF No. 43 ("Opp."), and opposed Chung's request for judicial notice, ECF No. 44 ("Opp. First RJN"). On June 5, 2020, Chung filed his reply in support of his motion to dismiss, ECF No. 45 ("Reply") and requested judicial notice of more arbitration documents, ECF No. 47 ("Second RJN"). Plaintiff opposed Chung's second request for judicial notice on June 12, 2020. ECF No. 48 ("Opp. Second RJN").

## II.   LEGAL STANDARD

### A. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed under Federal Rule of Civil Procedure 12(b)(6). Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

**B. Leave to Amend**

If the Court determines that a complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (internal quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

4

Case No. 19-CV-07670-LHK
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE

## III. DISCUSSION

Chung moves to dismiss the FAC on three grounds: (1) claim preclusion bars this action; (2) issue preclusion and judicial estoppel bar this action; and (3) the FAC's claims fail on the merits. To support his motion to dismiss, Chung asks the Court to take judicial notice of documents filed in a related arbitration proceeding between Plaintiff, Chung, and the GPs which Chung solely controlled.

The Court first addresses judicial notice and then turns to Chung's motion to dismiss. For the following reasons, the Court concludes that judicial notice is warranted, and that claim preclusion applies such that the FAC must be dismissed with prejudice. As a result, the Court need not reach Chung's second and third arguments.

### A. Requests for Judicial Notice

Chung asks the Court to take judicial notice of the following eleven arbitration documents: (1) publicly filed version of Final Award issued in 1955 Capital Fund I GP LLC and 1955 Capital China Fund GP LLC v. China Fortune Land Development and Global Industrial Investment Limited, ICDR Case No. 01-17-004-4839, dated June 26, 2019 ("Final Award, Ex. 1"); (2) Order Denying Petition to Vacate Arbitration Award, dated January 31, 2020; (3) Judgment, dated February 14, 2020; (4) excerpt of Partial Final Award issued in 1955 Capita Fund I GP LLC and 1955 Capital China Fund GP LLC v. China Fortune Land Development and Global Industrial Investment Limited, IDCR Case No. 01-17-044-4839, dated August 1, 2018 ("Partial Final Award, Ex. 4"); (5) excerpt of Arbitration Respondents' Second Statement of Case, dated May 4, 2018 ("Ex. 5"); (6) excerpt of Arbitration Respondents' Answering Statement, Counterclaims, and Objections to Jurisdiction, dated September 5, 2017; (7) excerpt of Arbitration Respondents' First Statement of Case, dated March 22, 2018; (8) excerpt of Arbitration Respondents' Fourth Statement of Case, dated October 15, 2018 ("Ex. 8"); (9) excerpt of Arbitration Respondents' Second Post-Hearing Submission, dated January 22, 2019; (10) excerpt of Arbitration Respondents' Answering Statement, Counterclaims, and Objections to Jurisdiction, dated September 5, 2017 ("Ex. 10"); and (11) excerpt of Partial Final Award issued in 1955 Capital Fund

I GP LLC and 1955 Capital China Fund GP LLC v. China Fortune Land Development and Global Industrial Investment Limited, ICDR Case No. 01-17-004-4839, dated August 1, 2018.

Most relevant here are the arbitrator's Final Award; Partial Final Award; and three arbitration briefs by Plaintiff and CFLD, who were "Arbitration Respondents." Specifically, those three arbitration briefs are Arbitration Respondents' Second Statement of Case, Arbitration Respondents' Fourth Statement of Case, and Arbitration Respondents' Answering Statement. ECF No. 33 at 2–3; ECF No. 47 at 2.

The Court judicially notices all the documents under Federal Rule of Evidence 201(b). Although a court generally cannot consider material beyond the pleadings in ruling on a Rule 12(b)(6) motion, the Court may take judicial notice of documents referenced in the complaint and matters in the public record without converting a motion to dismiss into one for summary judgment. *See Lee v. City of L.A.,* 250 F.3d 668, 688–89 (9th Cir. 2001). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Thus, "[m]aterials from a proceeding in another tribunal are appropriate for judicial notice." *Biggs v. Terhune*, 334 F.3d 910, 915 n.3 (9th Cir. 2003), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). These materials include filings in arbitration proceedings. *See, e.g.*, *Rachford v. Air Line Pilots Ass'n, Int'l*, 284 F. App'x 473, 475 (9th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Aug. 11, 2008) (taking judicial notice of arbitrator's ruling); *Klahn v. Quizmark, LLC*, 2013 WL 4605873, at *1 n.4 (N.D. Cal. Aug. 28, 2013) (same); *Coleman v. Am. Honda Fin. Corp.*, 2019 WL 4456002, at *1 (C.D. Cal. June 7, 2019) (taking judicial notice of "filings, records, orders, and awards" in arbitration proceeding). Here, the Exhibits are filings from a prior arbitration that support Chung's claim preclusion argument.

Plaintiff opposes Chung's request for judicial notice on essentially two grounds, but neither is persuasive. Plaintiff first argues that Chung does not "specify a single 'fact' for judicial notice in

the [] documents attached to [Chung's] RJN." Opp. First RJN at 2; Opp. Second RJN. Plaintiff is wrong. Chung specifies many facts for judicial notice, including quotations from arbitration documents cited extensively in the motion to dismiss and reply. *See, e.g.*, Mot. at 6–9, 12, 18, 20; Reply at 3.

Plaintiff next argues that the arbitration documents are not properly subject to judicial notice because they contain disputed facts. Opp. First RJN at 3–4; Opp. Second RJN at 1. As the case law cited above shows, however, courts regularly take notice of arbitration filings. *See also, e.g.*, *Okada v. Nevada Prop. 1, LLC*, 2014 WL 12792233, at *4 (C.D. Cal. Sept. 24, 2014) (noticing arbitration documents when ruling on whether the plaintiff's claims are barred by issue preclusion). In any event, to the extent the Court cites arbitration filings that are not the arbitrator's rulings, the Court does not cite the filings for disputed facts. Rather, the Court cites those filings to show what was or could have been arbitrated, as relevant to the Court's claim preclusion analysis. Thus, the Court GRANTS Chung's requests for judicial notice.

**B. Claim Preclusion**

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised *or could have been raised* in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added). Claim preclusion "applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations omitted) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir. 2002)). The Court addresses the three elements of claim preclusion in turn.

**1. The arbitration involved the same claims as those in this case.**

Although a "claim" for purposes of claim preclusion "cannot be defined with precision or determined precisely by mechanistic application of a simple test," *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980), the Ninth Circuit has identified four factors for determining whether successive claims are in fact the same claim: "(1) whether the two suits arise out of the same

7

transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987.

Of these four factors, the first—whether the claims share "the same transactional nucleus of facts"—is often "outcome determinative." *Id.* at 988; *see also Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims *could have been brought* in the earlier action." (internal quotation marks omitted) (emphasis added)).

Below, the Court addresses each of the four factors in turn.

### a. The arbitration and this case arise out of the same transactional nucleus of facts.

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Int'l Union of Operating Eng'rs–Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1429 (9th Cir. 1993) (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)). If the harm alleged in the later action occurred at the same time as the harm alleged in the earlier action, "then there [is] no reason why the plaintiff could not have brought the claim in the first action." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011).

Here, the FAC and arbitration relate to the same harm and transaction. The claims in the FAC not only arose "at the same time as the harm alleged" in the arbitration, but also arose from the same facts exhaustively litigated in the arbitration. The FAC claims that Chung breached fiduciary duties by (1) making and concealing unauthorized changes to the limited partnership agreements, FAC ¶¶ 19–23; (2) hiring his wife a part-time consultant for unspecified services at an outsized salary, FAC ¶ 24a; (3) devoting his time and focus to raising other funds, FAC ¶ 24c; and (4) failing to appropriately staff the funds or identify new investments, FAC ¶ 24b.

These claims were all addressed in the arbitration. *See, e.g.*, Final Award ¶ 69(b) ("Claimants breached fiduciary duties … by making unauthorized and undisclosed Post-Closing Changes to the [investment agreement]s before signing them."); *id.* ¶ 314(d) (allegations that Chung's wife was "a salaried 'part-time' consultant for unspecified services"); *id.* ¶ 314(a) (allegations of "misappropriating the Funds' assets and personnel in pursuit of Chung's independent business opportunities"); *id.* ¶ 330 (allegations of "failure to close investments for the Funds," "failure to build a competent investment team").

Thus, the most important factor for determining identity of claims—whether the claims share the same transactional nucleus of facts—is satisfied.

### b. Interests established in the arbitration would be impaired by prosecution of the instant case.

The second of four factors for determining identity of claims is "whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action." *Mpoyo*, 430 F.3d at 987. In the arbitration, Plaintiff and CFLD alleged that the GPs breached fiduciary duties in four ways: (1) employing "[Chung]'s wife . . . as a salaried, 'part-time' consultant for unspecified services at [an excessive] salary"; (2) "[m]isappropriat[ing] the Funds' assets and personnel in pursuit of Chung's independent business opportunities"; (3) failing to satisfy their "performance obligations" by, among other things, failing to "close investments for the Funds" and "build a competent investment team"; and (4) changing the investment agreements without the Funds' authorization. Final Award ¶¶ 305, 314, 316, 330–32, 347.

The arbitrator established that the first three allegations did not constitute breaches of fiduciary duties. Only the fourth allegation of unauthorized changes to the investment agreements constituted breaches of a fiduciary duty. *Id.* ¶ 391. On that allegation, though, the arbitrator found that Plaintiff suffered no measurable harm. *Id.* ¶ 309, 391–92. Plaintiff and CFLD thus received only $100 in nominal damages. *Id.* ¶ 393.

As detailed above, the instant lawsuit seeks to relitigate what was adjudicated in the arbitration. For example, the instant case tries to relitigate whether Chung breached a fiduciary

duty by "hir[ing] his wife as a part-time consultant of the Funds." FAC ¶ 24(a). The arbitrator already found that Chung's employment of his wife did not constitute breach of a fiduciary duty. Final Award ¶ 314(d). Thus, the second factor for determining identity of claims—"whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of" the instant case— is satisfied. *Mpoyo*, 430 F.3d at 987.

### c. The arbitration and the instant case both involve infringement of the same rights.

The third of four factors for determining identity of claims is "whether the two suits involve infringement of the same right." *Mpoyo*, 430 F.3d at 987. The arbitration and the instant case both allege that the GPs or Chung breached fiduciary duties owed to Plaintiff. The alleged breaches stem from the same conduct in both proceedings, as discussed above. The similarity in challenged conduct is unsurprising because Chung undisputedly "controlled the GPs as their sole managing member." Opp. at 4 (citing FAC ¶ 11); Mot. at 13.

In response, Plaintiff argues that "the previous arbitration was focused on the Funds' formation and poor performance [while] the current litigation focuses on actions taken by Mr. Chung to benefit himself at the expense of [Plaintiff]." Opp. at 6. In other words, the FAC supposedly "assert[s] claims against Mr. Chung" under *In re USACafes, L.P. Litig.*, 600 A.2d 43, 48–49 (Del. Ch. 1991), while the arbitration did not.

Plaintiff's own arbitration briefs show Plaintiff is wrong. In those briefs, Plaintiff claimed the GPs "misappropriate[ed] the Funds' assets and personnel in pursuit of Mr. Chung's *independent* business opportunities" and cited *USACafes* for the proposition that "directors of the corporate general partner of a limited partnership owe a fiduciary duty to the limited partners." Arbitration Respondents' Fourth Statement of Case ¶ 142(a) & n.359, Ex. 8 (emphasis in original).

Moreover, even if Plaintiff were articulating new theories of liability in the FAC, claim preclusion applies to claims that "could have been brought in the earlier action." *Tahoe–Sierra Pres. Council*, 322 F.3d at 1078. In fact, Plaintiff brought provisional counterclaims against Chung in arbitration, only to successfully move to dismiss Chung from the arbitration. *See* Arbitration

Respondents' Answering Statement at 37, Ex. 10 (asserting claims including "breaches of fiduciary duty . . . against Chung if, and only if [Plaintiff's] jurisdictional objections to [Chung's] claims are denied"); Arbitration Respondents' Second Statement of Case ¶ 70, Ex. 5 (Plaintiff arguing that "Chung is Not Entitled to Compel Arbitration"). Thus, to the extent the FAC alleges any breaches of fiduciary duty distinct from those that were arbitrated, claim preclusion still applies.

Accordingly, the third factor for determining identity of claims—whether the arbitration and the instant case involve infringement of the same rights—is satisfied.

### d. Substantially the same evidence is presented in the arbitration and the instant case.

The last factor for determining the identity of claims is "whether substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987. The evidence presented in the arbitration and the instant case is the same. Again, as detailed above, the instant case alleges that Chung made unauthorized changes to the investment agreements, FAC ¶¶ 19–23; that Chung's wife worked for an outsized salary, FAC ¶ 24a; that Chung improperly focused on raising other funds, FAC ¶ 24c; and that Chung failed to assemble an investment team or identify new investments, FAC ¶ 24b. These allegations were all addressed in the arbitration. *See, e.g.*, Final Award ¶¶ 69(b), 314(a), (d), 330. Thus, the last factor for determining identity of claims—whether substantially the same evidence is presented in the arbitration and the instant case—is satisfied.

In sum, because all four factors for determining the identity of claims is satisfied, the first element of claim preclusion is also satisfied. Two more elements of claim preclusion remain.

### 2. The arbitration resulted in a final judgment on the merits.

The second element of claim preclusion is that an earlier suit reached a final judgment on the merits. *Mpoyo*, 430 F.3d at 987. A judgment from a court confirming an arbitration award has "the same force and effect, in all respects, as" any other final judgment on the merits. 9 U.S.C. § 13; *see C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987) (holding plaintiff's claims precluded by an earlier arbitration award). Here, a court in this district confirmed the

arbitration award. *See China Fortune Land Dev. v. 1955 Capital Fund I GP LLC*, 2020 WL 510225, at *2 (N.D. Cal. Jan. 31, 2020) (Ex. 2 to the First RJN); Judgment (Ex. 3 to the First RJN). Accordingly, the arbitration that proceeds this case reached a final judgment on the merits.

### 3. The GPs in the arbitration are in privity with Chung, the GPs' sole managing member.

The last element of claim preclusion requires privity of the parties in the earlier and later suits. *Mpoyo*, 430 F.3d at 987. Even when the parties are not identical, privity may exist if "there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *In re Gottheiner*, 703 F.2d 1136, 1140 (9th Cir. 1983) (quoting *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980)). "When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest." *Id*.

It is undisputed that Chung was "the sole managing member of the GPs." FAC ¶ 18. Chung also certainly shared a commonality of interest with the GPs in the arbitration. The arbitration adjudicated whether the GPs—acting under Chung alone—breached fiduciary duties owed to Plaintiff. The FAC now alleges that Chung, rather than the GPs, breached essentially identical fiduciary duties. Thus, Chung and the GPs are in privity.

Plaintiff's contrary argument is that "the Arbitrator did not have jurisdiction over claims by or against Mr. Chung." Opp. at 7. This argument, however, is beside the point. The very purpose of claim preclusion is to prevent a nonparty "who assists in the prosecution or defense of an action in aid of some interest of his own" from later arguing that the nonparty is "'stranger[] to the cause.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Montana v. United States*, 440 U.S. 147, 154 (1979)). Similarly, Plaintiff cannot bring an arbitration against the GPs that Chung solely manages, challenge Chung's conduct while successfully moving to dismiss him from the arbitration, and now argue that the arbitration lacked jurisdiction over Chung.

The First Circuit reached an analogous conclusion in *FleetBoston Financial Corporation v. Alt*, 638 F.3d 70 (1st Cir. 2011). There, the court found privity "between parent and subsidiary

corporations where, as here, one entity participated in arbitration and the other entity later faces the same claims in court." *Id.* at 81 n.12. The court rejected the argument that the entities lacked privity because the "arbitrators lacked jurisdiction over" the parent corporation. *Id.* at 77. Thus, the prior arbitration had claim preclusive effect on the federal lawsuit. *Id.* at 81; *see also Thurman v. Gen. Mills Operations Inc.*, 210 F. App'x 614, 615 (9th Cir. 2006) (barring wrongful discharge action against manager, because of earlier employment discrimination claim against that manager's employer). Here, it is likewise immaterial that Chung was technically not party to an arbitration involving the GPs, which he solely controlled.

All told, the three elements of claim preclusion are satisfied. The FAC therefore must be dismissed, and the Court therefore GRANTS Chung's motion to dismiss. Dismissal here is with prejudice, because "[i]t would be futile to amend the [complaint] when the Court has determined that claim preclusion bars Plaintiff's claims" so plainly. *Diamond S.J. Enter., Inc. v. City of San Jose*, 395 F. Supp. 3d 1202, 1242 (N.D. Cal. 2019) (citing *Leadsinger*, 512 F.3d at 532); *see also, e.g.*, *Hernandez v. Fed. Home Loan Mortg. Corp.*, 663 F. App'x 518, 520 (9th Cir. 2016) (per curiam) (affirming claim preclusion dismissal without leave to amend).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Chung's requests for judicial notice and GRANTS Chung's motion to dismiss Plaintiff's FAC with prejudice.

**IT IS SO ORDERED.**

Dated: September 7, 2020

_____
LUCY H. KOH
United States District Judge

13
Case No. 19-CV-07670-LHK
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE